1

2

3

4

5

6

7                **IN THE UNITED STATES DISTRICT COURT**

8             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   EDWARD LUEVANO,                    CASE NO. CV F 06-0164 OWW LJO

11                    Plaintiff,        **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**

12        vs.

13   PAROLE OFFICER RON HILL,

14                    Defendant.
                                    /
15

16                           **BACKGROUND**

17        Plaintiff Edward Luevano ("plaintiff") is incarcerated and proceeds pro se and in forma pauperis

18   in this civil rights action under 42 U.S.C. § 1983 ("section 1983"). Plaintiff proceeds with a form

19   complaint ("complaint") to name as defendant parole officer Ron Hill ("Officer Hill"). The complaint

20   alleges that in April 2004, Officer Hill acted "with total disregard for ethics, compassion or fairness" in

21   connection with a photo of plaintiff appearing in the Fresno Bee. The complaint seeks monetary and

22   punitive damages.

23                            **DISCUSSION**

24                     **Standards For Screening**

25        This Court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court

27   must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon

28   which relief may be granted" or "seeks monetary relief from a defendant who is immune from such

                                       1

1  relief." 28 U.S.C. § 1915A(b)(1) and (2).  Moreover, "[a] trial court may dismiss a claim sua sponte

2  under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot

3  possibly win relief."  *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v.*

4  *Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua sponte dismissal may be made before process is served

5  on defendants.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d)

6  are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss

7  frivolous in forma pauperis action sua sponte prior to service of process on defendants).

8        Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may

9  have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious,

10  fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

11  defendant.  *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide:

12  Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65.  A court

13  need not accept as true factual allegations in in forma pauperis complaints and may reject "completely

14  baseless" allegations, including those which are "fanciful," "fantastic" or "delusional."  *Denton v.*

15  *Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

16        A claim is legally frivolous when it lacks an arguable basis either in law or fact.  *Neitzke,* 490

17  U.S. at 325; *Franklin*, 745 F.2d at 1227-1228.  A federal court may dismiss a claim as frivolous where

18  it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

19  *Neitzke*, 490 U.S. at 327.

20        The test for maliciousness is a subjective one and requires the court to "determine the . . . good

21  faith of the applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*

22  *Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith is found most commonly in

23  repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity

24  of suits.  A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process

25  by relitigating claims decided in prior cases.  *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);

26  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629

27  (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to

28  dismiss a case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice

2

1   also can be inferred from a complaint containing untrue material allegations of fact or false statements

2   made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

3          A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond

4   doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

5   relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,

6   45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294

7   (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of

8   any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

9   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

10  support claims."  *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco*

11  *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

12         As further explained below, the complaint demonstrates plaintiff is entitled to offer no evidence

13  for its vague, unsupportable claims.

### The Complaint's General Deficiencies

15  F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

16         (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall
    contain (1) a short and plain statement of the grounds upon which the court's jurisdiction

17  depends, unless the court already has jurisdiction and the claim needs no new grounds
    of jurisdiction to support it, (2) a short plain statement of the claim showing that the

18  pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader
    seeks.

19
           . . .

20
           (e)    Pleading to be Concise and Direct; Consistency.

21
           (1)    Each averment of a pleading shall be simple, concise and direct.

22

23         A pleading may not simply allege a wrong has been committed and demand relief.  The

24  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

25  upon which it rests."  *Conley*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States*

26  *Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need not outline all

27  elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist."

28  *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business*

1 | *Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).

2 Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must

3 give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev.*

4 *Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of

5 particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

6 Here, the complaint fails to comply with F.R.Civ.P. 8(a)(2) to provide fair notice of a cognizable claim

7 against Officer Hill and to demonstrate that plaintiff is entitled to relief as to Officer Hill. The complaint

8 fails to set forth specific acts, omissions or wrongs to give rise to a cognizable claim against Officer Hill.

9 The complaint fails to allege with requisite degree of particularity specific overt acts of Officer Hill to

10 give rise to a cognizable claim and in turn, resulting damages from Officer Hill's alleged overt acts. The

11 complaint makes vague references to photographing plaintiff and information given to a newspaper.

12 Because the complaint fails to satisfy F.R.Civ.P. 8(a)(2) requirements, it must be dismissed.

13 **The Complaint's Section 1983 Deficiencies**

14 The Civil Rights Act, under which this action was filed, provides:

15 Every person who, under the color of [state law] . . . subjects, or causes to be subjected,
any citizen of the United States . . . to the deprivation of any rights, privileges, or
16 immunities secured by the Constitution . . . shall be liable to the party injured in an action
at law, suit in equity, or other proper proceedings for redress.

17

18 42 U.S.C. § 1983.

19 To state a section 1983 claim, a plaintiff must plead that: (1) defendants acted under color of state

20 law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights,

21 privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United*

22 *States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims

23 for that matter) against Officer Hill in that it makes vague allegations regarding plaintiff's photograph

24 in the Fresno Bee. The complaint fails to demonstrate that Officer Hill acted under color of state law.

25 The complaint articulates no deprivation of a right, privilege or immunity secured by the Constitution

26 or laws of the United States.

27 Section 1983 requires that there be an actual connection or link between the actions of defendant

28 and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978);

4

1  *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "[a] person

2  'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does

3  an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally

4  required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,

5  743 (9th Cir. 1978).  The complaint fails to satisfy the linking requirement as to Officer Hill and to

6  articulate how Officer Hill deprived plaintiff of constitutional rights and resulting harm.

**Malice**

8  This Court is concerned that plaintiff has brought this action in absence of good faith and

9  attempts to take advantage of cost-free filing to vex Officer Hill, a symbol of authority with whom

10  plaintiff appears disgruntled.  Such attempt provides further grounds to dismiss plaintiff's complaint.

**CONCLUSION AND RECOMMENDATION**

12  Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds

13  that the complaint fails to satisfy pleading requirements and to allege cognizable section 1983 claims

14  and appears intended to vex Officer Hill.

15  These findings and recommendations are submitted to the district judge assigned to this action,

16  pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304.  No later than April 11, 2006,

17  plaintiff may file written objections with the Court and serve a copy on the magistrate judge in

18  compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections

19  to Magistrate Judge's Findings and Recommendations." The district judge will then review the

20  magistrate judge's ruling pursuant to 28 U.S.C. § 636(b).  Plaintiff is advised that failure to file

21  objections within the specified time may waive the right to appeal the district court's order. *Martinez*

22  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23  **Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse**

24  **is to object to these findings and recommendations.  Plaintiff is further admonished this Court will**

25  **strike any papers to attempt to file an amended complaint unless this Court specifically grants**

26  **plaintiff permission to file an amended complaint.**

27  IT IS SO ORDERED.

28  **Dated:    March 9, 2006**                    **/s/ Lawrence J. O'Neill**

5

1    66h44d                              UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28